UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Greg & Company, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:24-cv-04225 |
| v. | ) |
| | ) Dist. Judge Franklin U. Valderrama |
| The Partnerships and Unincorporated | ) |
| Associations Identified on Schedule A, | ) Mag. Judge Keri L. Holleb Hotaling |
| | ) |
| Defendants. | ) |

**Unopposed Motion for Extension of Time**

**NOW COMES** ZOEO ("Defendant"), by and through its undersigned counsel, and hereby moves this Court to extend the time to file a response to the Complaint. In support of their motion, Defendant state as follows:

1. Defendant was ostensibly served with process on June 10, 2024. [Dkt. 31].

2. Defendant has been substantively engaged in settlement discussions with Plaintiff, including the exchange of evidence and offers. Defendant requires a short additional time to explore settlement and respond to the Complaint if ultimately necessary. Defendant submits that a short extension will not materially prejudice Plaintiff as a short time has passed since the original response deadline and a short extension may help avoid unnecessary substantive motion practice.

3. This Court may, for good cause, extend the time by which Defendant's response is due after the time has expired if Defendant failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See also*, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v.

White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."); *See also*, Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) ("[T]o enter default would deprive defendant of its day in court and preclude just determination of the question of liability."). Moreover, the interests of judicial efficiency may not only be considered good cause under Rule 6, but also forgive a defendant's excusable neglect. *See*, White v. Marshall, 2009 WL 230096, at *3 (E.D. Wis. Jan. 30, 2009); *See also*, Kane v. Fin. of Am. Reverse, LLC, 2018 WL 2001810, at *2 (S.D. Ind. Apr. 30, 2018) (granting extension where delay was minimal, not impactful to the case moving forward, and not prejudicial to the opposing party).

4. Defendant respectfully requests this Court extend the date on which Defendant is to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to August 2, 2024.

5. This motion has been filed in good faith and in the interest of judicial economy, and is not interposed for purposes of delay.

6. This is the first motion for an extension of time filed by Defendant.

7. Plaintiff has expressed that it does not oppose Defendant's proposed extension.

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that this Honorable Court enter an Order:

a) extending the date on which Defendant's response(s) to Plaintiff's Complaint is due to August 2, 2024.

Dated: July 5, 2024

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
adamu@au-llc.com
Ph: (312) 715-7312
*Attorney for Defendant*